Matter of Davis (2025 NY Slip Op 00092)

Matter of Davis

2025 NY Slip Op 00092

Decided on January 8, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LOURDES M. VENTURA, JJ.

2024-05926

[*1]In the Matter of Jonathan K. Davis, admitted as Jonathan Keith Davis, an attorney and counselor-at-law. (Attorney Registration No. 2688059)

APPLICATION pursuant to 22 NYCRR 1240.10 by Jonathan K. Davis, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 19, 1995, under the name Jonathan Keith Davis, to resign as an attorney and counselor-at-law.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for Grievance Committee for the Tenth Judicial District.
Mark E. Goidell, Garden City, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, has submitted an affidavit sworn to on July 9, 2024, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Tenth Judicial District involving allegations that he misappropriated client funds. The respondent misappropriated client settlement funds in personal injury cases by taking advance payment of legal fees prior to receiving and depositing the settlement funds on those cases; making cash withdrawals of advanced legal fees from his escrow account; and taking double payment of legal fees on two personal injury matters. The respondent further maintained improper and incomplete record keeping of fiduciary funds and transactions. The respondent attests that all clients have been paid in full and no restitution is owed to any client.
The respondent attests that he cannot successfully defend himself against the allegations based upon the facts and circumstances of his professional misconduct. The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent acknowledges that his resignation is subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered, and that there will be no transactional activity in any [*2]fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and VENTURA, JJ., concur.
ORDERED that the application of the respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jonathan K. Davis, admitted as Jonathan Keith Davis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court